IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ERIE INSURANCE PROPERTY
& CASUALTY COMPANY,

        Plaintiff,

v.                                 CIVIL ACTION NO. 3:11-0745

CHARLES NULL, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment by Plaintiff Erie Insurance Property & Casualty Company's (hereinafter Erie Insurance). (ECF No. 23). All the Defendants except for Ghosh Engineers, Inc. are in default for failing to file an answer or otherwise defend this action in a timely manner. Although Ghosh Engineers, Inc. filed an Answer, its counsel orally represented to the Court that his client does not intend to respond to Erie Insurance's Motion for Summary Judgment, which is now ripe for adjudication.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256.  Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

In this case, Erie Insurance seeks a declaratory judgment that there is no coverage and it has no duty to defend under a policy it issued to Eastern States Pump & Equipment, Inc. for damages allegedly caused by water and sewage backing up onto the property of Charles and Judy Null, David and Traci Ison, and Albert and Betty Jordan in May, June, and July of 2009.[1]  In its motion, Erie Insurance asserts that it issued the policy for the period of May 24, 2008 through May 24, 2009, but the policy was voluntarily cancelled by Eastern States & Equipment, Inc., effective October 26, 2008.  Although Erie Insurance recognizes that Eastern States & Equipment, Inc. worked on the wastewater runoff system while the policy was in effect, the damages alleged to have been caused by defects in that system did not occur until after the policy expired.  Thus, Erie Insurance argues that, under the terms of the policy, there is no coverage because the damages occurred after the policy was cancelled.  Specifically, the policy provides that "[t]his insurance

---

[1]The property owners filed suit in the Circuit Court of Wayne County, West Virginia, alleging the negligent design and construction of a new sewage and wastewater runoff system, which resulted in water and sewage backing up into their homes and yards.

applies to . . . 'property damage' only if . . . [t]he . . . 'property damage' occurs during the policy period[.]" *Commercial General Liability Coverage Form*, at 1 (ECF No. 23-2, at 94). The policy further defines "property damage" as:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*Id.* at 12 (ECF No. 23-2, at 105). The policy further defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.*, at 11 (ECF No. 23-2, at 104).

Upon review of the terms of the policy cited by Erie Insurance, the Court agrees there is no coverage because the alleged property damage occurred months after the policy was terminated. Therefore, the Court finds that Erie insurance is entitled to summary judgment on its declaratory judgment action and, therefore, **GRANTS** Erie Insurance's motion. (ECF No. 23).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 24, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE